FILED
Jun 24, 2024
01:08 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Victor Soto | ) Docket No. 2021-08-0937 |
| | ) |
| v. | ) State File No. 15935-2022 |
| | ) |
| Denny Patterson, Jr., d/b/a Patterson | ) |
| Construction, et al. | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Vacated and Remanded

---

In this interlocutory appeal, the claimant asserted he sustained significant head injuries and brain trauma due to a fall that occurred while working for the employer. The employer denied the claim, contending that the claimant was an independent contractor at the time of the work incident. Following an expedited hearing, the trial court denied the claimant's request for certain benefits after concluding the claimant had failed to provide sufficient evidence from which it could determine he was likely to prevail at trial in establishing he was an employee. Thereafter, the employer filed a motion for summary judgment, asserting it is entitled to judgment as a matter of law on the basis that the claimant was an independent contractor. Following a hearing on the employer's motion, the trial court concluded that genuine issues of material fact existed regarding the claimant's work status and denied the employer's motion. The employer has appealed. After careful consideration, we vacate the trial court's order and remand this matter for additional findings consistent with this opinion.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Emily Bragg Faulkner, Memphis, Tennessee, for the employer-appellant, Denny Patterson, Jr., d/b/a Patterson Construction

Victor Soto, Memphis, Tennessee, claimant-appellee, pro se

**Factual and Procedural Background**

On August 11, 2021, Victor Soto ("Claimant") fell from a ladder while installing seismic framing for Denny Patterson, Jr., d/b/a Patterson Construction ("Patterson"). He reportedly suffered significant head injuries and brain trauma, resulting in several surgeries and extensive medical treatment.[1] Patterson denied his workers' compensation claim, asserting Claimant was an independent contractor and was not its employee at the time of the accident.

Claimant retained counsel and filed a petition for benefit determination in September 2021. Following an unsuccessful mediation, a dispute certification notice was issued in January 2022. Thereafter, Claimant filed a request for an expedited hearing, and the parties engaged in discovery. Following the expedited hearing, the trial court issued an order denying Claimant's request for the initiation of benefits, determining Claimant had not come forward with sufficient evidence to indicate he was likely to prevail at trial in proving he was an employee of Patterson at the time of the accident. After the court's order was issued, Claimant's counsel filed a motion to withdraw, and the trial court granted that motion in November 2022. Since that time, Claimant has proceeded in a self-represented capacity.

On August 3, 2023, Patterson filed and served requests for admissions ("RFAs") on Claimant. According to Patterson's Supplemental Memorandum of Law filed January 4, 2024, Claimant's responses to those requests were "served" on September 3, 2023.[2] On October 16, 2023, the last day for the filing of a dispositive motion according to the court's scheduling order, Patterson filed a motion for summary judgment, statement of undisputed facts, and supporting brief in which it asserted Claimant was not its employee at the time of the accident as defined in Tennessee Code Annotated section 50-6-102(10)(D)(i) (2023). Claimant did not file a response to Patterson's motion and did not respond to Patterson's statement of undisputed facts as required by Rule 56 of the Tennessee Rules of Civil Procedure.

On January 16, 2024, the court heard Patterson's motion for summary judgment. During the hearing, Claimant did not dispute receiving the motion for summary judgment but testified that due to "my illness, I am unable to answer, and I need my daughter to assist me because she speaks English, and she can read and explain those to me." Claimant informed the court he would rely on the affidavits of Benjamin Perez and Wilmer Lopez,

---

[1] For purposes of this appeal, the extent and nature of Claimant's injuries and medical treatment are not at issue.

[2] Claimant added his responses to Patterson's original document, and there is no certificate of service indicating when and how his responses to the RFAs were transmitted to Patterson. According to Patterson's pre-hearing brief, however, they were "served" by email on September 3, 2023. Patterson subsequently filed Claimant's responses with the court on January 4, 2024.

both filed in July 2023, in opposition to Patterson's motion. Patterson filed a motion to exclude the affidavit of Wilmer Lopez prior to the hearing and made an oral motion to exclude the Rule 72 Declaration/affidavit of Benjamin Perez at the hearing. The court took the motions under advisement.

On April 3, the trial court issued an order denying summary judgment, stating it "need not rule on [Patterson's] motions [to exclude] because the affidavits were not considered in the decision." In its order, the court referenced Claimant's testimony from pleadings relied upon by Patterson in its motion and determined that, pursuant to section 50-6-102(10)(D)(i), factual issues exist regarding the right to control the work, the method of payment, the furnishing of tools, and the work schedule. In its order, the court did not address Claimant's failure to respond to Patterson's statement of undisputed facts as required by Rule 56. Patterson has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. Of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In its appeal, Patterson asserts the trial court erred in denying its motion for summary judgment because it had satisfied its burden of production under Rule 56 of the Tennessee Rules of Civil Procedure. It also contends the court improperly considered the affidavits of Benjamin Perez and Wilmer Lopez as responses to Patterson's motion for summary judgment.

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion

3

that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record.

*Rye*, 477 S.W.3d at 264-65 (internal quotation marks and citations omitted). Thus, for Patterson to prevail on its motion for summary judgment, it must show either that it negated an essential element of Claimant's claim or that Claimant's evidence is insufficient as a matter of law to establish his claim at the summary judgment stage.

Moreover, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In evaluating a trial court's decision to deny a motion for summary judgment, we consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at \*7 (Tenn. Workers' Comp Panel Sept. 28, 2016). If the moving party is successful in meeting its burden of production, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading." *Rye*, 477 S.W.3d at 265. Rather, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ P. 56.06; see also *Rye*, 477 S.W.3d at 265. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

Rule 56.03 places specific filing requirements on both the moving and nonmoving parties. The moving party is required to file a statement of undisputed material facts with its motion, and each fact must be accompanied by a citation to the record. Tenn. R. Civ. P. 56.03. With respect to the nonmoving party, Rule 56 provides that

[a]ny party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

*Id.* In addition, the nonmoving party may serve and file opposing affidavits not later than five days before the hearing. *Id.* Similarly, Tenn. Comp. R. and Regs. 0800-02-21-.18(d) provides the following guidance when a dispositive motion is opposed:

4

If a dispositive motion is opposed, a written response to the motion must be filed and served on all parties or their counsel no later than five (5) business days before the motion hearing. The response must state with particularity the grounds for opposition. If no opposition is filed, the dispositive motion will be considered unopposed. The judge may without the need for an affidavit from the non-moving party grant additional, reasonable time for the non-moving party to respond, obtain affidavits, engage in discovery, or take depositions.

In its brief on appeal, Patterson asserts there is "no dispute" that its motion complied with Rule 56 or that Claimant was required to respond to its statement of undisputed facts if he opposed the motion. Because Claimant failed to submit a response to its motion or statement of facts, Patterson contends that the facts set forth in its statement of undisputed facts are not contested for purposes of its motion and that the court's analysis should turn to "whether summary judgment is appropriate based on the undisputed facts presented by [Patterson]." Further, Patterson asserts in its supplemental memorandum of law in support of its motion for summary judgment that Claimant's responses to its second set of RFAs were not timely and, therefore, should have been deemed admitted by operation of Rule 36.01 of the Tennessee Rules of Civil Procedure.

Regarding the RFAs, Patterson's second set of RFAs were stamped filed August 3, 2023, which is also the date the certificate of service was signed, indicating that is when they were served on Claimant. In its supplemental memorandum of law, filed on January 4, Patterson notes that Claimant's responses to its second set RFAs were "served" by email on September 3, 2023, then later filed with the court on January 4, 2024.

Rule 36.01 provides, in relevant part, that

[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

Patterson argues that Claimant's responses were due September 2; as a result, the responses it received on September 3 were not timely and its RFAs should be deemed admitted. However, Tennessee Code Annotated section 1-3-102 provides that "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." Because September 2, 2023 was a Saturday, the deadline

5

for Claimant to file a response was Tuesday, September 5.[3]  Accordingly, we conclude Claimant's responses to Patterson's second RFAs were served timely.

Relative to Patterson's argument that its statement of facts is undisputed, Patterson asserts that: (1) Patterson is a sole proprietorship and Mr. Patterson was its only employee since 2015; (2) Patterson did not provide training or instruction to Claimant and did not supervise his work other to ensure it complied with building codes; (3) Patterson retained the right to dismiss a subcontractor if his work was unsatisfactory; (4) Patterson was to pay Claimant $416.00 upon completion of the project; (5) Claimant was free to select and hire helpers; (6) Patterson did not provide Claimant with basic tools and equipment necessary to complete the framing work; (7) Patterson did not control Claimant's working hours or schedule; and (8) Claimant was free to offer his service to others.  Thus, Patterson argues that based on its unopposed statement of undisputed facts, Claimant cannot come forward with any evidence to establish that he was its employee on the date of the accident.

In its order, the trial court emphasized that Patterson's burden as the moving party is to either submit affirmative evidence that negates an essential element of the nonmoving party's claim or to demonstrate that Claimant's evidence is insufficient to establish an essential element of his claim.  Ultimately, after reviewing documents relied on by Patterson, the court determined it had failed to meet this burden.  However, in doing so, the court failed to address the effect, if any, of Claimant's failure to respond to Patterson's statement of undisputed facts filed in conjunction with its motion for summary judgment.

Accordingly, we vacate the trial court's order denying Patterson's motion for summary judgment and remand the case for the court to make additional findings addressing Claimant's failure to respond to Patterson's statement of undisputed facts and/or otherwise comply with Tennessee Rule of Civil Procedure 56.

## Conclusion

For the reasons stated above we vacate the trial court's order and remand the case for additional findings consistent with this opinion.  Costs on appeal are taxed to Patterson.

---

[3] Monday, September 4, was Labor Day, so that date is also excluded from the calculation of the due date.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Victor Soto ) | Docket No. 2021-08-0937 |
| ) | |
| v. ) | State File No. 15935-2022 |
| ) | |
| Denny Patterson, Jr., d/b/a Patterson ) | |
| Construction, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Amber E. Luttrell, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of June, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Emily Bragg Faulkner | | | | X | emily.faulkner@mgclaw.com lateafa.patton@mgclaw.com |
| Victor Soto | | | | X | lucero.t.soto@gmail.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov